M. T. Perkins, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 10320.   Promulgated May 23, 1928.

*Mills Kitchin, Esq.,* for the petitioner.
*J. E. Marshall, Esq.,* for the respondent.

OPINION.

PHILLIPS: Petitioner contends that he is entitled to a deduction from income for 1921 for ordinary expenses incurred in his business. The basis on which the amounts expended are arrived at is stated by the petitioner in his testimony as follows:

If I made a trip to any particular place, I usually determined the amount of expenses as the difference between the amount of money I left with and what I returned with. I couldn't have an itemized statement of expenses when I was entertaining salesmen and customers.

Such evidence is too unsatisfactory to permit an allowance of the amount claimed. *Barnett Weiss*, 3 B. T. A. 228; *Sam Israel*, 3 B. T. A. 663; and *Walter P. Coleman*, 8 B. T. A. 1126. There is no basis upon which personal expenditures may be segregated. If estimates are to be accepted, they must be better substantiated than has been done in the record made in this proceeding.

There is no assurance that the amounts expended by the petitioner are not included in the allowance made to the partnership, for, while he testified that he was not reimbursed therefor by the partnership, his petition indicates an accounting therefor between himself and his partner. Some evidence of the lack of care with which figures are used in this proceeding may be gathered from the fact that in the petition the petitioner states under oath that he and Hamel managed from 10 to 12 offices in as many cities in selling the stock of the Motors Mortgage Corporation, while before the Board he testified that there were five such offices maintained during the whole of 1921 and two during a part of the year. We entertain no doubt that the petitioner did make expenditures which he or the partnership was entitled to deduct but upon the record before us we would be unable to determine the amount, even if we were satisfied that proper allowance had not been made in computing the income of the partnership.

*Decision will be entered for the respondent.*